RECEIVED
IN ALEXANDRIA, LA.

JAN 25 2013

TONY R. MOORE, CLERK
BY_____
      DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CALVIN REDD | DOCKET NO. 12-CV-1534; SEC. P |
| VERSUS | JUDGE DRELL |
| TIM WILKINSON, ET AL. | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Pro se Plaintiff Calvin Redd, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections (LDOC), and he is incarcerated at the Winn Correctional Center in Winnfield, Louisiana. He named as defendants Corrections Corporation of America (CCA), Tim Wilkinson, and Officers Walker, Ellenton, and Frederick.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff alleges that on July 14, 2011, Officer Frederick was working the "control key" observing the cameras. She saw a fight break out and called a "code blue". Officers Walker and Ellenton entered the tier. He states that Officer Walker obtained control of Plaintiff and held him down. However, Officer Ellenton failed to restrain the other inmate, and the inmate kicked Plaintiff in the face, breaking Plaintiff's upper left jaw. Plaintiff states that he waited sixteen days before he was sent to Huey P. Long

hospital where he underwent surgery.

Plaintiff alleges that he still has problems with his jaw, suffers excruciating pain, has trouble speaking, and experiences numbness in his left ear.

### Law and Analysis

"It is well established that prison officials have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates." Longoria v. Texas, 473 F.3d 586, 592 (5th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 832-33 (1994)). This duty, which is grounded in the Eighth Amendment's prohibition against "cruel and unusual punishments," is nevertheless a limited one. See Farmer, 511 U.S. at 832-34. To state a claim for failure to protect, an inmate must allege that (1) he was "incarcerated under conditions posing a substantial risk of serious harm," and that (2) a prison official was "deliberately indifferent" to this risk. Id. at 834.

A prison official is "deliberately indifferent" to a risk when he "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. To "know of" a risk, an official must be "subjectively aware" of the risk: that is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837; see also Adames v. Perez, 331 F.3d 508, 512 (5th Cir. 2003). Finally, even if a prison official

2

was subjectively aware of the risk, he may be found free from liability if he "responded reasonably to the risk, even if the harm ultimately was not averted." Farmer, 511 U.S. at 844.

### A.   Officers Walker, Ellenton, and Frederick

Plaintiff alleges that Officers Walker and Ellenton acted with deliberate indifference in that Walker intentionally held Plaintiff down while another inmate kicked him, and Ellenton failed to restrain the other inmate.  These claims will be served on the respective officers.

Plaintiff has not alleged deliberate indifference on the part of Officer Frederick.  He alleges that she was working the "control key" observing the cameras, and that she called for a "Code Blue" when she observed the fight break out.  He does not allege that Frederick knew of and disregarded a risk to his safety; he alleges the opposite.

### B.   Tim Wilkinson & CCA

Plaintiff names as defendants former warden Tiim Wilkinson and CCA.  Liability under section 1983 cannot be established solely on a theory of respondeat superior. See Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 691 (1978)(finding no vicarious liability for a municipal "person" under 42 U.S.C. 1983; see also Dunlop v. Munroe, 7 Cranch 242, 269 (1812)(a federal official's liability "will only result from his own neglect in not properly superintending the discharge" of his subordinates' duties);

3

Robertson v. Sichel, 127 U.S. 507, 515-516 (1888)("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties."). Because vicarious liability is inapplicable to §1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). There are no allegations of involvement by Wilkinson – Plaintiff only claims that Wilkinson laughed at him in the infirmary. He concludes that Wilkinson knew that the attack was going to take place before hand. This is a conclusory allegation.

Likewise, as to CCA, a private corporation is not vicariously liable under §1983 for its employees' deprivations of others' civil rights. Rosborough v. Mgmt. & Training Corp., 350 F.3d 459, 461 (5th Cir. 2003). Plaintiff has not presented allegations of involvement by CCA nor does he identify an unconstitutional policy implemented by CCA that causally resulted in Plaintiff's injuries. See Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied,* 508 U.S. 951 (1993).

C.  **Medical Department and Kathy Richardson**

Plaintiff originally named the WNC medical department as a defendant and complains that he had to wait sixteen days for

4

surgery.  A prison's medical department is not a distinct, juridical entity capable of being sued.  See <u>Henderson v. Mid States Services, Inc.</u>, 67 Fed.Appx. 247 (5th Cir. 2003)(unpublished); <u>Lockhart v. Orleans Parish Sheriff's Department</u>, Civ. Action No. 09-6358, 2009 WL 5210579, at *1 (E.D.La. Dec. 23, 2009); <u>Martinez v. Larpenter</u>, Civ. Action No. 05-874, 2005 WL 3549524, at *5 (E.D.La. Nov. 1, 2005); <u>Oladipupo v. Austin</u>, 104 F.Supp.2d 626, 641-42 (W.D.La. 2000).

In his amended complaint, Plaintiff singled out nurse Kathy Richardson, claiming that she is liable for not sending Plaintiff to the hospital on the date of his injury, July 14, 2011.  He claims that she knew his jaw was broken, and failed to give him "any treatment" for sixteen days.  Assuming Plaintiff's allegation is true, the claim will be served on this defendant.

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's claims against Officer Frederick, Tim Wilkinson, CCA, and the Winn Medical Department be **DENIED AND DISMISSED** with prejudice for failure to state a claim.  *Service of process will be ordered on the remaining defendants.*

## Objections

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific,**

written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this ____ day of January, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE