RECEIVED

OCT 21 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT                    b

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

CALVIN REDD,                          CIVIL ACTION
            Plaintiff                 SECTION "P"
                                      NO. 1:12-CV-01534
VERSUS

TIM WILKINSON, et al.,                JUDGE JAMES T. TRIMBLE
            Defendants                MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by pro se plaintiff Calvin Redd ("Redd"), in forma pauperis, on June 5, 2012 (Docs. 1, 5) and amended on November 21, 2012 (Doc. 15). The sole remaining defendant is Kathy Richardson, a nurse employed at the Winn Correctional Center ("WCC") in Winnfield, Louisiana.[1] Redd contends that, while he was incarcerated in WCC in July 2011, he was assaulted by another inmate, his jaw was broken, and Richardson denied him medical care for sixteen days, then sent him to the hospital, where he underwent surgery. Redd contends he continues to have pain and speech problems. Redd is no longer incarcerated (Doc. 32).

Richardson answered the complaints (Docs. 30, 31) and filed a motion for summary judgment (Doc. 39), which Redd has not opposed.

_____

[1] The other named defendants, Tim Wilkinson, the "medical staff" of WCC, Correctional Corporation of America , L. Walker, J. Ellenton, and Fredrick, have all been dismissed (Docs. 20, 34).

Richardson's motion for summary judgment is now before the court for disposition.

Law and Analysis

Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure mandates that the court shall grant a summary judgment:

> "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Paragraph (e) of Rule 56 also provides the following:

> "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials-including the facts considered undisputed-show that the movant is entitled to it; or (4) issue any other appropriate order."

Local Rule 56.2W (formerly 2.10W) also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

In this regard, the substantive law determines what facts are "material." A material fact issue exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving

2

party.  However, the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to preclude summary judgment; there must be evidence on which the jury could reasonably find for the plaintiff.  Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999), 528 U.S. 906, 120 S.Ct. 249 (1999), and cases cited therein.

If the movant produces evidence tending to show that there is no genuine issue of material fact, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial.  In this analysis, we review the facts and draw all inferences most favorable to the nonmovant.  Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1989).  However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment.  Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir.), cert. den., 506 U.S. 825, 113 S.Ct. 82 (1992).

Nurse Richardson

Richardson contends that Redd's claims should be dismissed because he failed to exhaust his administrative remedies (Doc. 39). Richardson filed an affidavit by Mona Heyse, the ARP screening officer for WCC whose duties include maintaining the grievance records.

Heyes states in her affidavit that Redd's first step grievance

on his claim was rejected as untimely, and he failed to file a second-step grievance (Doc. 39).  The incident in which Redd's jaw was broken took place on July 14, 2011.  According to Redd, he underwent surgery over two weeks thereafter.  Redd filed his first-step grievance on April 9, 2012, alleging late medical care and continuing medical problems arising therefrom (Doc. 39, p. 4/6).

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.  42 U.S.C.  § 1997e(a).  Jones v. Bock, 549 U.S. 199, 211, 237 S.Ct. 910, 918-919 (2007).  Exhaustion is mandatory, irrespective of the forms of relief sought and offered through administrative remedies.  Booth v. Churner, 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819 (2001).  The exhaustion requirement of 42 U.S.C. § 1997e applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.  Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 992 (2002).  Resort to a prison grievance process must precede resort to a court.  Porter, 534 U.S. at 529, 122 S.Ct. at 990.

The exhaustion requirement imposed by amended § 1997e is not jurisdictional.  Woodford v. Ngo, 548 U.S. 81, 101, 126 S.Ct. 2378, 2392 (2006).  However, the Fifth Circuit held in Gonzalez v. Seal,

4

702 F.3d 785, 788 (5th Cir. 2012), that exhaustion is mandatory and district courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint; a case must be dismissed if available administrative remedies were not exhausted.

Since exhaustion is an affirmative defense, the burden is on the defendants to demonstrate that the plaintiff failed to exhaust available administrative remedies. Jones v. Bock, 549 U.S. 199, 216, 127 S.Ct. 910 (2007). Defendants must establish beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in their favor. Dillon, 596 F.3d at 266, citing Martin v. Alamo Cmty. Coll. Dist., 353 F.3d 409, 412 (5th Cir. 2003).

Whether a prisoner has exhausted administrative remedies is a mixed question of law and fact. Dillon v. Rogers, 596 F.3d 260, 266 (5th Cir. 2010), citing Carty v. Thaler, 583 F.3d 244, 252 (5th Cir. 2009), cert. den., 559 U.S. 1106, 130 S.Ct. 2402 (2010). Similarly, while it is a question of law whether administrative remedies qualify as being "available" under 42 U.S.C. § 1997e(a), availability may sometimes turn on questions of fact. Dillon, 596 F.3d at 266, citing Snider v. Melindez, 199 F.3d 108, 113-14 (2d Cir. 1999).

Redd contends in his complaint that he had to wait to file his first-step grievance because he already had two grievances pending

and WCC does not allow inmates to have more than two pending grievances at a time.  Thus, Redd filed his first-step grievance more than ninety days after the July 14, 2011.  In effect, Redd contends that no administrative remedy was available to him within ninety days of the incident.

Richardson does not address Redd's allegation that he was not allowed to file his grievance within the ninety-day time limit.  In any event, it is noted that Redd complains of ongoing medical problems in his grievance.  As set forth in the Administrative Remedy Procedures for prisons, 22 La. ADC Pt. 1, § 325(I)(1)(a)(ii)(I),

> "a. The ARP screening officer shall furnish the offender with notice of the initial acceptance or rejection of the request to advise that his request is being processed or rejected....
>> ii. If a request is rejected, it must be for one of the following reasons, which shall be noted on the request for administrative remedy or on the offender's written letter....
>>> (I) There has been a time lapse of more than 90 days between the event and the initial request, unless waived by the warden. (Some exceptions may apply, e.g. time computation issues, ADA and PREA issues, *on-going medical issues*, etc.) (emphasis added).

Pursuant to this provision, Redd's grievance may not have been filed untimely.

However, Redd failed to file a second-step grievance, in which he could have raised his claim of denial of medical care and ongoing medical problems, alleged that WCC prevented him from

timely filing his grievance by limiting him to only two pending grievances, and alleged his ongoing medical problems.  Since Redd failed to file a second-step grievance (which was available), he failed to exhaust his administrative remedies.[2]

Since there are no genuine issues of material fact which would preclude a summary judgment, Richardson's motion for summary judgment should be granted and Redd's complaint against Richardson should be dismissed without prejudice[3] for failure to exhaust his administrative remedies.

<u>Conclusion</u>

Based on the foregoing discussion, IT IS RECOMMENDED that Richardson's motion for summary judgment (Doc. 39) be GRANTED and that Redd's complaint against Richardson be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another

---

[2] Had Redd filed a second-step grievance and exhausted his administrative remedies, WCC would have been estopped from claiming Redd had not filed his first-step grievance timely, if no administrative remedy was available to him within the ninety-day time limit.

[3] Since Redd alleges ongoing medical problems, he may still be able to exhaust his administrative remedies in a timely manner.  Therefore, his complaint should be dismissed without prejudice.

party's objections within **fourteen (14) days** after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged.  Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this _____ day of October 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE